PER CURIAM.
 

 We reverse Appellant’s sentence and remand for the trial court to strike the Appellant’s habitual felony offender designation. We affirm the appellant’s conviction without further discussion.
 

 Appellant entered a guilty plea to one count of conspiracy to traffic in cocaine. The state recommended a sentence of zero to ten years of imprisonment; the trial court accepted Appellant’s plea and postponed sentencing while Appellant provided substantial assistance to law enforcement. Appellant was subsequently charged with six new law violations and was ultimately adjudicated guilty and sentenced as a habitual felony offender to twenty-five years of imprisonment for the conspiracy charge.
 

 Because Appellant was not given written notice of the state’s intent to habitualize him before he entered his plea, the appellant’s habitual offender designation is improper.
 
 See Ashley v. State,
 
 614 So.2d 486 (Fla.1993).
 

 We, therefore, reverse Appellant’s sentence and remand to the trial court to strike Appellant’s habitual offender designation.
 

 AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
 

 HAWKES, C.J., PADOVANO and ROBERTS, JJ., concur.